**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

WILLIAM POWERS,
LAUREN POWERS,

    Plaintiffs,

v.                                                              Case No. 19-12098

AMERICAN CROCODILE INTERNATIONAL
GROUP, INC., SHANDONG KANGTAI
INDUSTRY, LTD., COMTEK USA, L.L.C.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' "MOTION TO DISMISS AMENDED COMPLAINT," DENYING WITHOUT PREJUDICE PLAINTIFF'S "MOTION FOR ALTERNATIVE SERVICE," AND TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Plaintiffs William and Lauren Powers sue Defendants American Crocodile International Group ("ACIG"), Shandong Kangtai Industry ("SKI"), and Comtek USA ("Comtek"). (ECF No. 15.) Plaintiffs allege that Defendants manufactured and sold an electric massage chair. (*Id.*, PageID.90, ¶¶ 10-12.) Plaintiffs allege that the chair was defective, and that it caused a fire in Plaintiffs home which resulted in significant monetary and emotional damage. (*Id.*, PageID.88-89, ¶¶ 1-3.) SKI and Comtek move to dismiss the action for lack of personal jurisdiction and insufficient service of processes. (ECF No. 24.) Plaintiffs and ACIG responded. (ECF Nos. 28, 29.)

Plaintiffs move to extend the time limit for service on Comtek and seek permission to use alternative methods of service. (ECF No. 27.) Comtek has not responded.

The court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons explained below, the court will deny SKI and Comteks' motion. The court lacks personal jurisdiction over SKI and Comtek, but the case will be transferred to the Central District of California in lieu of dismissal. The court will deny, without prejudice, Plaintiffs' motion to use alternate means of service.

## I. BACKGROUND

Plaintiffs claim they received an electric massage chair from a nonparty, Paul Benson. (ECF No. 15, PageID.91, ¶ 18.) Benson originally purchased the chair from ACIG, which shipped the chair to Benson while he lived in Michigan. (*Id.*, ¶ 16.) Benson had used the chair for eight years without incident. (*Id.*, ¶ 17.)

According to Plaintiffs, the chair unexpectedly broke out in flames. (*Id.*, ¶ 19.) The resulting fire allegedly consumed the entirety of Plaintiffs' home. (*Id.*, ¶ 21.) Plaintiffs also claim to have lost $300,000 of "cryptocurrency," and three cats. (*Id.*, PageID.92, ¶¶ 23-24.) One of the cats was supposed to have been "the world's tallest domestic cat," while another sported "the world's longest tail on a domestic cat." (*Id.*, ¶ 26.) Plaintiffs claim to have suffered significant emotional trauma in addition to the material losses of their home and the economic value of their "record-holding cats." (*Id.*, PageID.92-93, ¶¶ 27-35, 38.)

Plaintiffs allege there was "a defect in the design and/or manufacture of the internal electrical system of the subject chair [that] rendered it unreasonably susceptible to catching fire." (*Id.*, PageID.93, ¶ 37.) The chair's defect allegedly caused the fire to occur. (*Id.*, ¶ 36.)

## II. STANDARD

After the filing of a complaint, a defendant may move to dismiss for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(6). "For specific jurisdiction to exist in a diversity case, two factors must be satisfied: the forum state long-arm statute, and constitutional due process." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012).

Constitutionally, "[p]ersonal jurisdiction may be either 'general' or 'specific.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Bird v. Parson*, 289 F.3d 865, 873 (6th Cir. 2002)). General jurisdiction occurs where "a defendant's contacts with the forum state are of such continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.*; *see also Miller*, 694 F.3d at 679-80. Specific jurisdiction arises "where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp.*, 428 F.3d at 515 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)).

The Sixth Circuit has established a three-prong test for determining specific jurisdiction:

> First, defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *S. Mach. Co. v. Mahasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016).

Proving the first element, purposeful availment, is "the *sine quo non* for *in personam* jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *S. Mach. Co.*, 401 F.2d at 381-82). Purposeful availment asks "whether [the defendant] acted or caused a consequence in [the forum state] such that he invoked the benefits and protections of [the forum state's] law." *MAG IAS Holdings v. Schmuckle*, 854 F.3d 894, 900 (6th Cir. 2017). This requirement "ensures that [the defendant] could have reasonably 'anticipated being haled into court there' . . . and it ensures that [the defendant] is not brought into a . . . court 'solely as a result of random, fortuitous, or attenuated contacts." *Id.* (quoting *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir. 1989); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[P]urposeful availment exists if the defendant created a 'substantial connection' with the forum state by engaging in 'significant activities within the State,' or by creating 'continuing obligations' to residents in that state." *Id.* (quoting *Burger King*, 471 at 475-76). This includes "business relationships 'intended to be ongoing in nature.'" *Id.* (citing *CompuServe*, 89 F.3d at 1265).

The plaintiff bears the burden of proving personal jurisdiction. *Intera Corp.*, 428 F.3d at 515. "When the district court rules on written submissions alone[,] the burden consists of a prima facie showing that personal jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (citations removed). In doing so, "the pleadings and affidavits must be viewed in the light most favorable to the plaintiff, and the district court should not weigh the controlling assertions of the party seeking dismissal." *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citations removed).

## III. DISCUSSION

SKI and Comtek move to dismiss the complaint for lack of personal jurisdiction and for inadequate service. Plaintiffs move to effectuate service through alternative means and for additional time to serve Comtek which, Plaintiffs allege, is an alter-ego of SKI. The court finds personal jurisdiction lacking for both SKI and Comtek. The court will not opine as to whether service to this point has been defective and whether Plaintiffs can cure any defect going forward. The case will instead be transferred to the Central District of California, consistent with Plaintiffs' conditional request.

First, Michigan's long-arm statute appears to have been met. Michigan does not confer jurisdiction to fullest extent of constitutional due process and has distinct limitations. *Green v. Wilson*, 455 Mich. 342, 351 (1997) ("[T]he Michigan legislature could have written language into the statutes that confers jurisdiction to the broadest limits of due process, as other states have done. It chose not to do so."). SKI and Comtek are corporations. (ECF No. 15, PageID.90, ¶¶ 11-12; ECF No. 24, PageID.148, 165.) Similar to constitutional standards, Michigan has "general personal jurisdiction" and "limited personal jurisdiction." *Glenn v. TPI Petroleum, Inc.*, 854 N.W.2d 509, 515, 517-18 (Mich. Ct. App. 2014). For a corporation to have general personal jurisdiction, the entity must be incorporated in Michigan, the entity must have consented to jurisdiction, or the entity must carry out "a continuous and systematic part of its general business within the state." Mich. Comp. Laws. § 600.711. Plaintiffs do not allege that SKI or Comtek are incorporated in Michigan, have consented to jurisdiction in Michigan, or have continuous operations within Michigan, e.g., a headquarters. Plaintiffs in fact do not seek constitutional "general jurisdiction" or any such corollary in state law.

5

Instead, SKI and Comtek likely fall within Michigan's limited personal jurisdiction. A court has personal jurisdiction over a corporation when "[t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Mich. Comp. Laws § 600.715(2). The Michigan Supreme Court has interpreted the language of this provision to mean that "either the tortious conduct or the injury must occur in Michigan." *Glenn*, 455 Mich. at 352 (interpreting the "plain language" of Michigan's long-arm statute for individuals containing the same language). Plaintiffs' suit comprises claims of products liability, negligence, and breach of implied warranty. (ECF No. 15, PageID.93-95, ¶¶ 39-54.) They allege and Defendants do not deny that a fire occurred on Plaintiff's property in Michigan. Plaintiffs allege that the massage chair, purportedly manufactured by SKI and imported by Comtek, caused the fire. The injury of any tortious conduct in manufacturing and distributing a defective chair occurred in Michigan. Mich. Comp. Laws § 600.715(2); *Glenn*, 455 Mich. at 352. Thus, Plaintiffs have sufficiently alleged limited personal jurisdiction. SKI and Comtek do not contest this and direct no argument toward challenging limited jurisdiction under Michigan law.

The more difficult burden for Plaintiffs to meet are the constitutional requirements of personal jurisdiction, specifically the need for purposeful availment. Plaintiffs allege only that SKI is a business in China, Comtek is a business in California, the chair was manufactured by SKI, and that Comtek "is SKI's 'USA agent'" who serves as SKI's "importer, distributor, and/or alter ego." (ECF No. 15, PageID.90-91, ¶¶ 11-12, 15.) Plaintiffs allege that they received the chair originally from Paul Benson and that Benson bought the chair from ACIG, but nowhere do Plaintiffs allege any connection between SKI and Comtek and Michigan. Shipping the chair to Michigan and having a

6

continuous and substantial business connection to the state, perhaps through a distribution network or through specific contracts selling chairs to Michigan retailers, would likely qualify for personal jurisdiction. *MAG IAS Holdings*, 854 F.3d at 900; *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 833, 890 (6th Cir. 2002) (finding purposeful availment where a company "maintain[ed] an interactive website, respond[ed] to business inquires from Michigan residents, mail[ed] completed [products] to Michigan customers, and accept[ed] payment by mail from these customers."). Noticeably, Plaintiffs allege ACIG shipped the chair to Michigan and ACIG is not challenging personal jurisdiction. (ECF No. 15, PageID.91, ¶ 16.)

Plaintiffs provide no allegations of any connection of either SKI or Comtek to the state of Michigan. Plaintiffs present no assertions, details, records, or affidavits that SKI or Comtek ever commercially interacted with Michigan or Michigan residents in any way. *MAG IAS Holdings*, 854 F.3d at 900. There are no allegations or evidence that SKI or Comtek have a warehouse, a distribution center, any contracts for sale or distribution, or have an agent or contact point in the state of Michigan. Plaintiffs do not even provide a basis for finding that SKI of Comtek have *ever* made a purposeful or intentional sale of any kind in Michigan, within or even beyond the massage chair business, or have ever sent an agent to interact or provoke commerce with any individual in the state. The only way SKI or Comtek can be tied to Michigan, viewing all evidence and assertions in the light most favorable to Plaintiffs, is by manufacturing and distributing the chair at some point in its existence. *Air Prods. and Controls, Inc.*, 503 F.3d at 549. Yet "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal Indus. Co. v.*

7

*Superior Court*, 480 U.S. 102, 112 (1987); *see also CompuServe*, 89 F.3d at 1265 ("[The defendant's] injection of his software product into the stream of commerce, without more, would be at best a dubious ground for jurisdiction."). This is exactly the type of "random, fortuitous, or attenuated contact[]" that cannot support personal jurisdiction. *MAG IAS Holdings*, 854 F.3d at 900.

Plaintiffs allege Comtek is SKI's alter-ego. (ECF No. 15, PageID.91, ¶ 14.) Courts have found personal jurisdiction for an out-of-state corporation when it controls an alter-ego corporation with personal jurisdiction in the state. *Anwar v. Dow Chem.*, 876 F.3d 841, 848 (6th Cir. 2017) (quoting *Indah v. S.E.C.*, 661 F.3d 914, 921 (6th Cir. 2011)) ("The court has held that the alter-ego theory provides for personal jurisdiction if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction."). However, simply being a corporation in California with some undefined distribution to some unnamed part of the country is inadequate to establish personal jurisdiction. Thus, even if SKI takes personal jurisdiction from Comtek, jurisdiction is lacking.

Plaintiffs do present a California corporate form for Comtek, which lists SKI as it manager. (ECF No. 28-1, PageID.223.) While this may aid in a finding of jurisdiction in California, it adds nothing to the analysis for Michigan. Plaintiffs also attach U.S. trademark information for the Comtek name, which indicates Comtek is in the business of selling massage chairs and that its owner is SKI, as well as Comtek's social media pages. However, simply having a trademark and having an internet presence says little if anything about the existence, extent, or duration of Comtek's contacts with Michigan. Having the legal and business infrastructure to potentially sell in a state is not the same

8

as actually completing sales and "creating 'continuing obligations' to residents in that state." *MAG IAS Holdings*, 854 F.3d at 900; *Neogen Corp.*, 282 F.3d at 890 ("The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an attenuated contact that falls short of purposeful availment."); *ABG Prime Group, LLC v. Innovative Salon Prods.*, 326 F.Supp.3d 498, 507 (E.D Mich. 2018) (When rejecting personal jurisdiction for individuals connected to an Amazon store account: "[N]either [of the defendants] have sold anything in Michigan since 2015. They do not have employees or distributors in Michigan, do not have bank accounts here, have never travelled here, and do not own any Michigan real estate."). The same logic applies to Plaintiff's evidence of a "Sample Bill of Landing," which lists SKI as an exporter of "massage chairs and spare parts" and ACIG as a domestic purchaser. (ECF No. 28-1, PageID.255-259.) While this might add support for personal jurisdiction over SKI in California, where the import allegedly occurred, it does not show that SKI or Comtek purposefully availed themselves of Michigan's laws or markets in any substantial way. *MAG IAS Holdings*, 854 F.3d at 900; *Asahi Metal Indus. Co.*, 480 U.S. at 112. (ECF No. 28-1, PageID.255-259.).

Plaintiffs seem to understand that they lack a basis for asserting personal jurisdiction over SKI and Comtek. Plaintiffs focus their argumentation on what discovery *might* reveal. They claim that further evidence might prove that SKI, through Comtek, shipped the chair to Michigan and has a nationwide supply chain. Putting aside the issue of whether shipping one chair to Michigan or having a national supply chain that could potentially ship to Michigan satisfies personal jurisdiction, Plaintiffs have failed to provide a minimal *prima facie* case for personal jurisdiction. *Schneider*, 669 F.3d at 697.

ACIG notified Plaintiffs of SKI and Comteks' potential liability in this action on September 4, 2019. (ECF No. 8.) Plaintiffs amended their complaint on October 10, 2019 to include SKI and Comtek. (ECF No. 15.) Thus, by the time of Plaintiffs' response on January 15, 2020, Plaintiffs had almost fourteen weeks, and likely nineteen weeks, to investigate and develop a prima facie case for jurisdiction. *Ttheunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) (affirming a denial of additional discovery for personal jurisdiction and noting that "for at least three and one-half weeks prior to the hearing, [the plaintiff] knew the specific points in dispute concerning [the defendant's] contacts, yet did not pursue discovery until the day of the hearing itself," but also recognizing that the plaintiff had "five and one-half months to conduct discovery"). Plaintiffs also do not identify methods or specific evidence that will prove their sought-after conclusions. The court does not find discovery warranted, especially considering the possibility of transfer to a court with jurisdiction.

Finding that the court lacks personal jurisdiction over SKI and Comtek does not end the court's inquiry. "[I]f it is in the interest of justice," the court may transfer a case lacking in jurisdiction to a court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Plaintiffs conditionally seek transfer to the Central District of California, alleging that ACIG and Comtek are California corporations. (ECF No. 15, PageID.90, ¶¶ 10, 12.) ACIG and Comtek admit this. (ECF No. 21, PageID.109, ¶ 10; ECF No. 24, PageID.142, ¶ 9.) Plaintiffs also attach ACIG and Comtek's California corporation information. (ECF No. 28-1, PageID.233, 253.) Incorporation in a state is sufficient for general personal jurisdiction. *Intera*, 428 F.3d at 615; *Diamler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of

incorporation . . . [is a] paradigm bas[is] for general jurisdiction."); *see also* Cal. Civ. Proc. Code § 410.10 (California's long-arm statute: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

Plaintiff's "Sample Bill of Landing" indicates that SKI exported goods to California. (ECF No. 28-1, PageID.255-259.) Contracting with California parties as well as knowingly selling and delivering goods to California, viewed in the light most favorable to Plaintiffs, would provide personal jurisdiction over SKI in California. *Air Prods. and Controls*, 503 F.3d at 549; *MAG IAS Holdings*, 854 F.3d at 900; *see also Sports Auth. Mich. v. Justballs, Inc.*, 97 F.Supp.2d 806, 812 (E.D. Mich. 2000) ("[The defendant] has sold its products to Michigan citizens and targets their business by offering goods that may directly appeal to Michigan citizens. The [c]ourt therefore agrees that these contacts constitute personal availment."). Further, SKI's ownership position in Comtek and Comtek's admitted presence in California could, potentially, establish personal jurisdiction for SKI under an alter-ego theory. *Anwar*, 876 F.3d at 848. (*Id.*, PageID.223, 226; ECF No. 24, PageID.142, ¶ 9.)

"[T]he interest of justice" favors allowing Plaintiffs to continue litigation in California. 28 U.S.C. § 1631. Plaintiffs' decision to sue in Michigan was not made in bad faith and was not wholly improper. *Jackson v. L & F Martin Landscape*, 421 Fed App'x 482, 484 n.3 (6th Cir. 2009) (recognizing that denial of transfer may be appropriate when there "[is] no arguable basis for thinking that the action was properly brought in the district in which it was originally filed"). If the court dismissed Plaintiffs' claims, they would simply refile their lawsuit in California, thus increasing litigation expenditures,

expending court resources, and wasting time without meaningful value. *Roman v. Ashcroft*, 340 F.3d 314, 329 (6th Cir. 2003) ("We believe that it would be in the interest of justice to transfer the action because a dismissal of the action would only cause [the plaintiff] to incur the additional expense of filing the same [lawsuit] in the [correct forum]."). "Transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn v. Greg Anthony Constr. Co.*, 95 Fed. App'x 726, 741 (6th Cir. 2003). The court sees no meaningful reason to dismiss the case when an effective and efficient alternative of transfer is available.

ACIG asserts in a response to SKI and Comteks' motion, filed fifty days after the motion, that it would be inconvenienced by having to litigate in California and opposes transfer. E.D. Mich. L.R. 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). (ECF No. 29; ECF No. 26, PageID.174 (emphasis added) ("[T]he deadline for *Plaintiffs'* Response . . . is[] extended to January 15, 2020).) While the court recognizes the additional expense that may be required when the alleged injury occurred in Michigan and ACIG has already hired Michigan counsel, the court finds that the costs do not overcome the substantially reduced efficiency of litigating two lawsuits, one against ACIG in Michigan and one against SKI and Comtek in California. ACIG's home residence is California and Plaintiffs sought transfer of the entire case instead of outright dismissal of SKI and Comtek. Timeliness of ACIG's response aside, the court disagrees and will grant transfer of the entire case.

Given that the court has found personal jurisdiction lacking and transfer to the Central District of California appropriate, an analysis of Plaintiff's motion for alternative

12

service and additional time is unnecessary. Plaintiffs can present their concerns regarding service of Defendants to the court that will hear the case going forward.

### IV. CONCLUSION

Plaintiffs have not met their prima facie burden of proving personal jurisdiction for SKI and Comtek. *Schneider*, 669 F.3d at 697. In lieu of dismissal, the court will transfer the case to the Central District of California. 28 U.S.C. § 1631. SKI and Comteks' motion to dismiss will be denied. Plaintiffs' motion for alternative service and extended time to serve will be denied without prejudice. Accordingly,

IT IS ORDERED that Defendants SKI and Comteks' "Motion to Dismiss Amended Complaint" (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs William and Lauren Powers' "Motion for Alternate Service" (ECF No. 27) is DENIED WITHOUT PREJUDICE.

Lastly, IT IS ORDERED that this case is TRANSFERRED to the Central District of California.

    s/Robert H. Cleland    /
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: January 27, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 27, 2020, by electronic and/or ordinary mail.

    s/Lisa Wagner    /
    Case Manager and Deputy Clerk
    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-12098.AMERICANCROC.MotiontoDismiss.RMK.RHC.docx